# N. B. SMITH *et al.*

### *v.*

# THE CITY OF CHICAGO.*

1. PRACTICE — *of objections which must be specific.* In the matter of a special assessment in the city of Chicago, on the application for judgment

---

*This case and the following were considered in one opinion: *Unknown Owners and Azel Dorathy* v. *City of Chicago,* P. F. W. Peck and Azel Dorathy v. *Same,* R. McClelland and M. O. Walker et al. v. *Same,* Potter Palmer and M. O. Walker et al. v. *Same,* Moses Gray and W. H. Adams v. *Same,* and *Unknown Owners and John C. Haines* v. *Same.*

498          SMITH *et al. v.* CITY OF CHICAGO.          [Sept. T.,

Syllabus.     Statement of the case.     Opinion of the Court.

it was objected, that the schedule containing the statement of the unpaid assessments and the list of lands, was not signed by the collector, nor corporeally annexed to the report in which it was referred to, so as to identify it: *Held*, the objection, if it be one at all, could have been obviated on the trial, and, therefore, the ground thereof should have been specifically stated.

2. SPECIAL ASSESSMENTS—*recording of the judgment, orders, etc., on the report.* The requirement in the charter of the city of Chicago, that in the matter of a special assessment, the judgment, orders, etc, must be recorded upon the report of the collector, even if considered to be mandatory, is in respect to something to be done after judgment, the omission of which could not affect the validity of the judgment itself, whatever might be its effect upon a sale under the judgment.

3. SAME—*certificate of publication.* A certificate of publication of a notice of application for judgment upon a special assessment warrant in the city of Chicago, stated that the notice had been published ten days consecutively, commencing on a particular day: *Held*, there being no exception for holidays, the court could determine by computation the dates of the first and last papers containing the notice, and, therefore, the certificate was sufficient.

APPEALS from the Superior Court of Chicago.

These cases arose upon proceedings had in the court below upon applications for judgments upon a certain special assessment warrant, in the city of Chicago. Judgments were rendered in favor of the city. from which the several owners took these appeals.

Per CURIAM : The records in all these cases are alike, and the questions raised in each case the same. They will, therefore, be considered together as one case. The first objection, and upon which a voluminous argument has been submitted, is, that the schedule containing the statement of the unpaid assessments, and the list of lands, was not signed by the collector, nor was it corporeally annexed to the report in which it was referred to as a schedule of the same. The schedule had a heading sufficient to designate it, and if it had been physically annexed to the report, no question could have been made as to its identity. Can it be contended, that if the attention of

the court had been called to the want of annexation of these papers, at the time, it would not have been competent for the court to have permitted the collector to attach them together?   It is, therefore, an objection, if it be one at all, which could have been obviated, and falls within the class requiring the ground to be specifically stated.   The objection made was general, that the collector's report was insufficient to entitle the plaintiff to judgment.

Another objection, equally frivolous and untenable, is, that the judgment, orders, etc., were not recorded upon the report of the collector, in pursuance of the provisions of the 14th sec. of chap. 9 of the charter.   If we were to hold these provisions mandatory (but which we do not), it is something to be done after judgment; the omission might, or might not, affect the validity of a sale under the judgment; but can not, by possibility, affect the validity of the judgment itself.

The only remaining objection is, that certain certificates of publication are defective.   The certificates state that the appended notice had been published in the Chicago Republican etc., ten days consecutively, commencing on a particular day. There being no exception for holidays, as in the case of *Rue v. The City of Chicago, ante,* 435, the court can determine by computation the date of the first and last papers containing the notice.   In that case, we said: " No particular language is requisite to a compliance with the statute, providing the certificate contain such dates and facts as that the court can determine from them the date of the first and last papers containing the notice."

Finding no error in these records, the judgments must be affirmed.

*Judgments affirmed.*